UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   8:26-cv-00333-FMO-MAR                                   Date:  April 14, 2026

Title:      *Edgar Antonio Lucha v. The People Of The State Of California*

Present:  The Honorable:   MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| ERICA VALENCIA | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

Proceedings:  (In Chambers) ORDER TO SHOW CAUSE RE:  WHY THIS ACTION SHOULD NOT BE DISMISSED

**I.**
**INTRODUCTION**

On February 10, 2026, Petitioner Edgar Antonio Lucha ("Petitioner"), proceeding pro se, constructively filed[1] a Petition for a Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2254. ECF Docket No. ("Dkt.") 1.  The Court has screened the Petition pursuant to Habeas Rule 4.  This preliminary review revealed defects in the Petition that warrant dismissal.  Accordingly, Petitioner is **ORDERED** to show cause why the Petition should not be dismissed.

**II.**
**BACKGROUND**

Petitioner was sentenced by the Orange County Superior Court on November 20, 2023.  Id. at 1.  Petitioner did not appeal his conviction, id. at 2, but appears to have filed a Petition for Habeas Corpus in the Superior Court, id. at 3.  The Petition makes several claims for relief, including ineffective assistance of counsel, violations of due process, and an abuse of discretion in denying mental health diversion.  Id. at 5–6.

Petitioner also indicates that the Superior Court denied his habeas petition on October 9, 2024; the habeas petition contained two claims, an ineffective assistance of counsel claim and a claim regarding sentencing credits.  Id. at 3.

**III.**
**DISCUSSION**

**A.      THE PETITION APPEARS UNTIMELY**

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   8:26-cv-00333-FMO-MAR                                    Date:  April 14, 2026

Title:     *Edgar Antonio Lucha v. The People Of The State Of California*

### 1.   The Petition was filed after AEDPA's one-year limitations period

#### a.   Applicable law

AEDPA "sets a one-year limitations period in which a state prisoner must file a federal habeas corpus petition."  Thompson v. Lea, 681 F.3d 1093, 1093 (9th Cir. 2012).  Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1).  "When, on direct appeal, review is sought in the state's highest court but no petition for certiorari to the United States Supreme Court is filed, direct review is considered to be final when the certiorari petition would have been due, which is ninety days after the decision of the state's highest court."  Porter v. Ollison, 620 F.3d 952, 958-59 (9th Cir. 2010) (citations omitted).

#### b.   Analysis

Here, Petitioner filed the Petition after April 24, 1996, the effective date of AEDPA.  Dkt. 1.  Therefore, the requirements for habeas relief set forth in AEDPA apply.  Soto v. Ryan, 760 F.3d 947, 956–57 (9th Cir. 2014).

Based on the limited information provided in the Petition, it appears that Petitioner's conviction likely became final in 2023, after the expiration of time to seek direct appeal.  See Petition at 1, 2; see also Porter, 620 F.3d at 958-59.  AEDPA's one-year limitations period would therefore have expired sometime in 2024.  28 U.S.C. § 2244(d)(1).  However, Petitioner filed the Petition on February 10, 2026.  Therefore, in the absence of a later trigger date or any applicable tolling, the Petition appears untimely by two years under 28 U.S.C. § 2244(d)(1) ("section 2244(d)(1)").  Thompson, 681 F.3d at 1093.

### 2.   Petitioner is not entitled to a later trigger date

#### a.   Applicable law

Pursuant to section 2244(d)(1), there are three (3) situations where a petitioner may be entitled to a later trigger date of the one-year limitation period beyond the date of his conviction becoming final.  28 U.S.C. § 2244(d)(1).

First, under Subsection (B), if a state action prevented a petitioner from filing a federal habeas claim in violation of the Constitution or laws of the United States, the limitations period begins to run on "the date on which the impediment to filing an application created by State action . . . is removed[.]"  28 U.S.C. § 2244(d)(1)(B).

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.   8:26-cv-00333-FMO-MAR                              Date:  April 14, 2026

Title:     *Edgar Antonio Lucha v. The People Of The State Of California*


Second, under Subsection (C), if a right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, the limitations period begins to run on the "date on which the constitutional right asserted was initially recognized by the Supreme Court[.]"  28 U.S.C. § 2244(d)(1)(C).

Third, under Subsection (D), if a petitioner brings newly-discovered claims, the limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  However, "AEDPA's one-year statute of limitations in § 2244(d)(1) applies to each claim in a habeas application on an individual basis."  Mardesich v. Cate, 668 F.3d 1164, 1171 (9th Cir. 2012).  A different triggering date, therefore, may apply to each claim in a petition.  Id.

### b.  Analysis

Here, Petitioner does not appear to argue that he is entitled to a trigger date beyond the date on which his conviction became final, nor is it apparent from the Court's preliminary review that any potential later trigger date is relevant to Petitioner's claims.  See 28 U.S.C. § 2244(d)(1).

### 3.  Statutory tolling does not render the Petition timely

### a.  Applicable law

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'"  Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2)).  The gaps in between different "rounds" of review may be tolled if (1) subsequent petitions were "limited to an elaboration of the facts relating to the claims in the first petition" and (2) the subsequent petitions "were ultimately denied on the merits."  King v. Roe, 340 F.3d 821, 823 (9th Cir. 2003).  However, "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (citation omitted).

### b.  Analysis

Here, AEDPA's one-year statute of limitations expired in January 2024, and it is unclear when Petitioner filed his habeas petition in state court.  See 28 U.S.C. § 2244(d)(1); Petition at 3.  However, even assuming the Petition was tolled continuously through October 2024, the limitations period for the current Petition would have expired October 2025.  Petition at 3.

### 4.  Equitable tolling does not render the Petition timely


---

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.   8:26-cv-00333-FMO-MAR                                      Date:  April 14, 2026

Title:   *Edgar Antonio Lucha v. The People Of The State Of California*

      **a.**     **Applicable law**

In addition to the statutory tolling provided for by 28 U.S.C. § 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required."  Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011).  The "threshold necessary to trigger equitable tolling [under AEDPA] is very high."  Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (alteration in original).  A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time."  Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014).  The petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, 'lest the exceptions swallow the rule.'"  Rudin v. Myles, 781 F.3d 1043, 1055 (9th Cir. 2015).

      **b.**     **Analysis**

Here, Petitioner does not explicitly claim entitlement to equitable tolling and the Court has not found any obvious basis to support such a claim.  Thus, equitable tolling does not render the Petition timely.  Bills, 628 F.3d at 1097.  Accordingly, the Petition appears untimely.

**C.**     **PETITIONER'S CLAIMS MAY BE UNEXHAUSTED**

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  To satisfy the exhaustion requirement, a petitioner must fairly present his or her federal claims in the state courts to give the state the opportunity to pass upon and correct alleged violations of the petitioner's federal rights.  Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam).  A petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process to properly exhaust a claim.  O'Sullivan, 526 U.S. at 845.

For a petitioner in California custody, this generally means the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court.  See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California).  A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim."  Gatlin, 189 F.3d at 888.

Here, the Petition indicates that Petitioner did not appeal his conviction to the California Court of Appeals or the California Supreme Court.  Petition at 2-3.  To the extent one or more of the claims in the Petition are unexhausted, Petitioner has not requested a stay.

Under Rhines v. Weber, 544 U.S. 269 (2005), a district court has discretion to stay a mixed or wholly unexhausted petition to allow a petitioner time to present his or her unexhausted claims to

---

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.    8:26-cv-00333-FMO-MAR                                  Date:  April 14, 2026

Title:        *Edgar Antonio Lucha v. The People Of The State Of California*

state courts.  Id. at 276; see Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) (holding a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in Rhines).  This stay and abeyance procedure is called a "Rhines stay" and is available only when: (1) there is "good cause" for the failure to exhaust; (2) each unexhausted claim is not "plainly meritless;" and (3) the petitioner did not intentionally engage in dilatory litigation tactics.  Rhines, 544 U.S. at 277-78.  The "good cause" inquiry is centered on "whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence," to justify his failure to exhaust the unexhausted claim in state court.  Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).

Under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), the district court may stay a petition's exhausted claims to allow the petitioner time to exhaust unexhausted claims in state court.  315 F.3d at 1070-71.  Unlike a Rhines stay, a Kelly stay "does not require that a petitioner show good cause for his failure to exhaust state court remedies."  King v. Ryan, 564 F.3d 1133, 1135.  A Kelly stay involves a three-step procedure: "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition."  Id. (citing Kelly, 315 F.3d at 1170-71).  Thus, while "Rhines allows a district court to stay a mixed petition, and does not require that unexhausted claims be dismissed while the petitioner attempts to exhaust them . . . Kelly allows the stay of fully exhausted petitions, requiring that any unexhausted claims be dismissed."  Id. at 1139-40 (emphasis in original) (citing Jackson, 425 F.3d at 661).

While a Kelly stay does not require a showing of good cause, it requires compliance with the one-year statute of limitations set forth in the AEDPA.  28 U.S.C. § 2244(d)(1); see also King, 564 F.3d at 1140-41 ("A petitioner seeking to use the Kelly procedure will be able to amend his [or her] unexhausted claims back into his federal petition once he [or she] has exhausted them only if those claims are determined to be timely.").  After expiration of the AEDPA limitations period, "a petitioner may amend a new claim into a pending federal habeas petition . . . only if the new claim shares a 'common core of operative facts' with the claims in the pending petition; a new claim does not 'relate back' . . . simply because it arises from the 'same trial, conviction, or sentence.'"  Id. at 1141 (internal citations omitted).

Because Petitioner has not explained any basis for the stay, the Court is unable to determine whether Petitioner has shown there is good cause for his failure to exhaust, as is required for a Rhines stay.  If there is not good cause, Petitioner may still request a Kelly stay; however, the Court warns Petitioner that even if he obtains a Kelly stay, any newly-exhausted claim(s) may be time-barred when Petitioner would file his amended petition.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   8:26-cv-00333-FMO-MAR                                    Date:  April 14, 2026

Title:   *Edgar Antonio Lucha v. The People Of The State Of California*

     Ultimately, the Petition appears subject to dismissal because it appears untimely, and the Petition appears unexhausted.  The Court will not recommend dismissal of the Petition, however, without giving Petitioner an opportunity to explain or amend his Petition.

**IV.**

**ORDER**

     Thus, the Court ORDERS Petitioner to respond **no later than May 15, 2026,** by electing one of the following options:

    1.     File a supplemental statement addressing why the Petition should not be dismissed; or

    2.     Voluntarily dismiss this action without prejudice.  Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  **The Clerk of Court has attached A Notice of Dismissal form.**  However, the Court warns any dismissed claims may be later subject to the statute of limitations, because "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).

     In addition, Petitioner may wish to file an amended petition with more detail about his claims.  **The Clerk is instructed to mail Petitioner a copy of the habeas petition form along with this order, which Petitioner is encouraged to use**.  If Petitioner **fails to respond by May 15, 2026**, the Court may recommend that this action be **dismissed with prejudice** for his failure to comply with the Court's orders and failure to prosecute.  See Fed. R. Civ. P. 41(b).

     **IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | ev |